**FERNALD & ZAFFOS APC**
Adam P. Zaffos (SBN: 217669)
Clay R. Wilkinson (SBN: 269080)
15910 Ventura Blvd., Suite 1702
Encino, CA 91436
Telephone:(323) 410-0300
Facsimile: (323) 410-0330
Email: adam@fzlaw.com
clay@fzlaw.com
flg@fzlaw.com

Attorneys for Defendants
EQIBANK LIMITED, EQICORP,
EQITRADE LIMITED, and EQITECH (SEZC) LIMITED

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION – LOS ANGELES**

| | |
|---|---|
| BEYOND ENTERPRISES LLC<br><br>Plaintiff,<br><br>vs.<br><br>EQIBANK LIMITED, EQICORP, EQITRADE LIMITED; EQITECH (SEZC) LIMITED, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-12208-MCS-MBK<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION [Fed. R. Civ. P. 12(b)(2)]**<br><br>Date: October 19, 2026<br>Time: 9:00 a.m.<br>Courtroom: 7C<br><br>***The parties have met and conferred pursuant to Local Rule 7-3***<br><br>Filed: 12/23/2025<br>Trial: TBD |

TO PLAINTIFF AND TO ITS ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on October 19, 2026 at 9:00 a.m. in Courtroom 7C of the United States District Court for the Central District of California (Western Division – Los Angeles), located at 350 W. 1st St., Los Angeles, CA 90012, Defendants EQIBank Limited ("EQIBank"), EQICorp, EQITrade Limited

("EQITrade"), and EQITech (SEZC) Limited ("EQITech;" collectively "Defendants") will and hereby do move to dismiss Plaintiff Beyond Enterprises LLC's ("Plaintiff") First Amended Complaint for lack of personal jurisdiction over Defendants.

Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(2).

The parties met and conferred on September 2-3, 2026 pursuant to Local Rule 7-3 but were unable to reach an agreement on the merits of this motion.

Defendants base their Motion on this Notice, the Attached Memorandum of Points and Authorities, the Declarations of Jason Blick and Clay Wilkinson, and upon such other or further oral or documentary evidence as the Court may consider at the hearing on this Motion.

Dated: September 9, 2026

**FERNALD & ZAFFOS APC**

By: [signature] ______________________
Adam P. Zaffos
Clay R. Wilkinson
Attorneys for Defendants
EQIBank Limited, EQICorp,
EQITrade Limited, and
EQITech (SEZC) Limited

# TABLE OF CONTENTS


I. INTRODUCTION ....................................................................5

II. JURISDICTIONAL ALLEGATIONS VERSUS ACTUAL FACTS......6

III. LEGAL DISCUSSION ..............................................................9

A. Personal Jurisdiction Generally ...............................................9

1. General jurisdiction ....................................................9

2. Specific jurisdiction....................................................9

3. Due Process analysis ..................................................10

4. Plaintiff bears the burden of establishing jurisdiction by facts supporting personal jurisdiction ...............................10

B. The Court Should Dismiss Plaintiff's Action Because The Court Has No General Jurisdiction...............................................10

C. The Court Should Dismiss Plaintiff's Action Because The Court Has No Specific Jurisdiction ................................................11

1. Defendants did *not* purposefully avail themselves of the privilege of conducting activities in California.................11

2. Plaintiff's claims do *not* arise out of Defendants' activities, if any, directed at California.............................................13

3. It would be unreasonable to exercise jurisdiction over Defendants..................................................................14

D. The Court Should Dismiss Plaintiff's Action Because Dismissal Would Not Meaningfully Prejudice Plaintiff; Failure To Dismiss Would Severely Prejudice Defendants........................................15

IV. CONCLUSION.........................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 13

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ........ 11, 12, 15

*Daimler AG v. Bauman,* 571 U.S. 117 (2014) ........ 9, 10

*Davis v. Cranfield Aerospace Solutions, Ltd.*, 71 F.4th 1154 (9th Cir. 2023) ........ 12, 14

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351 (2021) ........ 10

*In re Nektar Therapeutics Securities Litigation*, 34 F.4th 828 (9th Cir. 2022) ........ 13

*Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945) ........ 10

*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 257 (9th Cir. 1995) ........ 10

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) ........ 10

*Pennoyer vs. Neff*, 95 U.S. 714 (1877) ........ 14

*Rano v. Sipa Press, Inc.*, 987 F.2d 580 (9th Cir. 1993) ........ 9, 10

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ........ 10

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ........ 14, 15, 16

**Statutes**

Cal. Civ. Code § 3523 ........ 16

Cal. Civ. Code § 3528 ........ 13

**Rules**

Fed R. Civ. P. 12 ........ 13

**Constitutional Provisions**

U.S. Const. Amend. X ........ 14

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

A Wyoming limited liability company enters into contracts with a Cayman company and a Commonwealth of Dominica Company. When the foreign companies allegedly breach those contracts with the Wyoming LLC, the Wyoming LLC files suit in the Central District of *California*. Non-sequitur? Defendants EQIBank Limited ("EQIBank"), EQICorp, EQITrade Limited ("EQITrade"), and EQITech (SEZC) Limited ("EQITech;" collectively "Defendants") respectfully think so.

Defendants set forth their detailed arguments as to why this Court has no personal jurisdiction over *any* of the Defendants below, but intuitively, there are four reasons why the Court should dismiss Plaintiff Beyond Enterprises LLC's ("Plaintiff") First Amended Complaint.

First, contracts between a foreign *state* LLC and foreign *country* companies cannot be "executed" in California. The entities themselves are the parties and signatories. The location of the corporate agents' alleged residences – or even their physical location – is irrelevant. It might be different if the *individuals* were the contracting parties but that is not the case here.

Second, choice of law is not forum selection. Courts anywhere can apply California state law. Agreeing to apply California state law is not consent to California state or federal court jurisdiction.

Third, there is no personal jurisdiction by daisy-chain. A New York bank allegedly related in some degree to a Defendant but that is a completely separate legal entity, allegedly servicing Californians, is irrelevant.[1] A Defendant's alleged use of a California equity placement agent does not establish personal jurisdiction for

[1] In fact, the New York bank never served as a direct correspondent bank for any of the Defendants. (Decl. Blick, ¶ 4.)

any of the specific transactions Plaintiff alleges.[2]

Fourth, dismissing this action would not leave Plaintiff without a remedy. Plaintiff could simply file in a proper forum, such as the Commonwealth of Dominica or the Caymans.

For these and the following reasons, the Court should dismiss Plaintiff's action.

## II. JURISDICTIONAL ALLEGATIONS VERSUS ACTUAL FACTS

The following table summarizes Plaintiff's allegations identifying the parties' respective citizenship (*see* FAC, ¶¶ 1-5):

| **Party** | **Capacity** | **Citizenship** |
|---|---|---|
| Beyond Enterprises LLC | Plaintiff | Wyoming |
| EQIBank | Defendant | Commonwealth of Dominica |
| EQICorp | Defendant | Caymans |
| EQITrade | Defendant | Caymans |
| EQITech | Defendant | Caymans |

Plaintiff alleges the following contracts:

- Software Development Agreement ("SD Agreement") between Plaintiff and EQITech. (FAC, ¶ 9(a).)
- Production Support Agreement ("PS Agreement") between Plaintiff and EQIBank. (*Id.*, ¶ 9(e).)
- Subscription Agreement between Plaintiff and EQICorp. (*Id.*, ¶ 10(a).)

The following table summarizes Plaintiff's jurisdictional allegations versus the actual facts:

///

///

[2] In fact, Defendants did not authorize the equity placement agent (actually, investment bank) to solicit investors specifically in California. *And* Defendants' six-month relationship with that investment bank pre-dated the contracts at issue in this action. (Decl. Blick, ¶ 5.)

| **Allegation** | **Fact** |
|---|---|
| • The SD and PS Agreements contain California choice of law clauses. (*Id.*, ¶ 9(b), (f).) | • Plaintiff supplied the forms and they were not negotiated. Plaintiff did not explain why California was the choice of law. Neither agreement contains a forum-selection clause or an agreement requiring the parties to arbitrate. (Decl. Blick, ¶ 10.) |
| • EQIBank's CEO resided in the Central District of California during the relevant timeframe. (*Id.*, ¶ 9(g).) | • The Director of EQITrade, which owns 100% of EQIBank, and who signed the agreements, is U.K citizen who only travels to the U.S. on ESTA. His only travel to California has been for personal medical treatment accompanied by his wife. Although he electronically signed the agreements while physically in California, he did not travel to California to negotiate the agreements, meet with Plaintiff, or supervise or perform work under the agreements. Defendants have never maintained an office, employees, or property in California. (Decl. Blick, ¶ 7.) |
| • EQIBank has one or more customers in California. (*Id.*, ¶ 9(h).) | • Based on the shareholder records available to EQITrade's Director as of September 7, 2026, less than three percent of Defendants' shareholders have addresses in the United States. Those records do not identify any shareholder whose residence or principal |

| | |
|---|---|
| | place of business is in California. (Decl. Blick, ¶ 6.) |
| • A New York Bank is "the correspondent bank" for EQIBank and "regularly provides services" to California residents. | • New York Federal Savings Bank has never served as a direct correspondent bank for any Defendant. Defendants' banking and payment relationships have included DBS in Singapore, Thunes in the European Union, Crédit Agricole in Poland, and Zenus Bank in Puerto Rico. None of these relationships was established for the purpose of conducting business in California. (Decl. Blick, ¶ 4.) |
| • EQITrade uses a California company as placement agent for preferred equity offerings. | • U.S. Capital Global Securities provided investment-banking services to Defendants from approximately February 10, 2020 through August 2020. That engagement ended before Defendants entered into the agreements at issue. During that engagement, Defendants did not authorize U.S. Capital Global Securities to solicit investors specifically in California. (Decl. Blick, ¶ 5.) |
| • EQICcorp owns shares in EQITrade; EQITrade owns EQIBank and EQITtech. (*Id.*, ¶ 10(b)-(c).) | • EQICorp is a holding entity that holds a small amount of stock in EQITrade. EQICorp is not an EQITrade entity. EQICorp has no known ties to California. (Decl. Blick, ¶ 12.) |

Additional facts militating against asserting personal jurisdiction over Defendants:

- Brad Yasar served as CEO for EQIFi JV Limited and EQI Token's Limited. Before assuming that position, Mr. Yasar was Plaintiff's founder and an officer of Plaintiff, and he signed the agreements at issue on Plaintiff's behalf. Mr. Yasar has resided in Dubai with his family since approximately June 2024 and has no known residence or office in California. (Decl. Blick, ¶ 8.)
- Plaintiff's principal technology personnel assigned to Defendants were located outside California. During the initial period, Plaintiff's Chief Technology Officer and the principal members of its development team were located in Romania. After that Chief Technology Officer left Plaintiff, the principal development personnel assigned to Defendants were located in Latin America, primarily Argentina. One individual involved in the work was located on the East Coast of the United States. There is no known member of Plaintiff's team who performed services for Defendants from California. (*Id.*, ¶ 9.)

## III. <u>LEGAL DISCUSSION</u>

### A. <u>Personal Jurisdiction Generally</u>

#### 1. General jurisdiction

General jurisdiction is present when a defendant corporation's affiliations with the forum state are so constant and pervasive as to render it essentially at home in the forum State. *See Daimler AG v. Bauman,* 571 U.S. 117, 122 (2014). Corporations are dual-citizens in that they may be citizens of two different states at the same time if their place of incorporation and principal place of business are in different states. *See id.*

#### 2. Specific jurisdiction

Specific jurisdiction is present when the corporate defendant's contacts with the forum state are not constant and pervasive *but* the plaintiff's claims arise out of those contacts. *See Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993).

### 3. Due Process analysis

The exercise of personal jurisdiction implicates the Due Process Clauses in the Fifth and Fourteenth Amendments. The exercise of personal jurisdiction must not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Courts focus their analysis on the nature and extent of the corporate defendant's contacts with the forum state. *See Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 352 (2021).

Exercising jurisdiction is only appropriate when: (1) the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) the plaintiff's claims arise out of the defendant's activities directed at the forum state; and (3) the exercise of personal jurisdiction would be constitutionally reasonable. *See Rano, supra,* 987 F.2d at 588. Failure on *any* of these requirements "deprive[s] the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 257, 270 (9th Cir. 1995).

### 4. Plaintiff bears the burden of establishing jurisdiction by facts supporting personal jurisdiction

Upon jurisdictional challenge, the plaintiff bears the burden of establishing that jurisdiction is proper. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). To carry the burden, the plaintiff must present facts, by affidavit or otherwise, supporting personal jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Plaintiffs cannot rest on the bare allegations of their pleading. *See id.*

## B. The Court Should Dismiss Plaintiff's Action Because The Court Has No General Jurisdiction

As a threshold matter, Plaintiff has alleged nothing close to the "constant and pervasive" contacts between Defendants and California to subject Defendants to personal jurisdiction in California. *Daimler AG, supra,* 571 U.S. at 122. (*See also* Decl. Blick, ¶¶ 3-10.)

In sum, Plaintiff alleges a choice of law clause in the SD Agreement and PS Agreements, EQIBank's CEO's state of residence, and sporadic, attenuated, and by-proxy contacts in support of jurisdiction. (*See* FAC, ¶¶ 9(b), (f)-(j); 10(b)-(c). If anything, these purported contacts are of the "random, fortuitous, or attenuated" type that do not even support specific jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Moreover, the Declaration of Jason Blick controverts all of Plaintiff's jurisdictional allegations.

### C. <u>The Court Should Dismiss Plaintiff's Action Because The Court Has No Specific Jurisdiction</u>

#### 1. Defendants did *not* purposefully avail themselves of the privilege of conducting activities in California

Incidental contact with California is not purposeful availment. *None* of the contracting parties has more than an *alleged* incidental tie to California (e.g., EQIbank's CEO lives in California, EQIbank's "correspondent" New York bank does business in California, EQITrade uses a California agent to place equity, etc.).

The choice of law provisions in the SD and PS Agreements are similarly unavailing.[3] Choice of law provisions, standing alone, are insufficient to confer personal jurisdiction. *See Rudzewicz, supra,* 471 U.S. at 482.

*Rudzewicz* is instructive. In *Rudzewicz*, a choice of law provision *was* relevant because of the plaintiff's "20-year interdependent relationship . . . with Burger King's Miami headquarters." *Id.* The Court reasoned the combination of the choice of law provision and the relationship "reinforced [plaintiff's] deliberate affiliation with [Florida] and the reasonable foreseeability of possible litigation there." *Id.*

There is nothing of the sort here. The SD and PS Agreements are for services to be provided by a *Wyoming* LLC to *Caymans* and *Commonwealth of Dominica* companies, respectively. EQITech and EQIBank's *sole* deliberate affiliation was

[3] Plaintiff does not allege the Subscription Agreement contains a choice of law provision.

with *Wyoming*. Plaintiff's services were not to be provided in California or for Defendants' use in California. Defendants could not reasonably foresee that by entering contracts with a Wyoming LLC, Defendants would be subject to litigation in California based solely on a choice of law provision. Nor did Defendants *actually* foresee being brought into court in California:

> [Defendants] did not negotiate the California choice-of-law language in those agreements, and Plaintiff did not explain why California law was selected. The agreements provide that California substantive law governs, but they do not contain a forum-selection clause or an agreement requiring the parties to arbitrate. They do not identify an arbitral forum, arbitration rules, or a court in which disputes must be litigated.
>
> (Decl. Blick, ¶ 10.)

Moreover, even if Plaintiff were a *California* LLC, the contracts alone would be insufficient to establish specific jurisdiction. *See Rudzewicz, supra,* 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot") (italics in original).

As for the Subscription Agreement, Plaintiff's concatenation of tenuous relationships similarly fails to amount to purposeful availment. Plaintiff's daisy-chain logic: EQICcorp owns shares in EQITrade; EQITrade owns EQIBank and EQITtech; therefore EQICorp is at home in California.

The daisy-chain notwithstanding, Plaintiff's alleged contract with EQICorp was an agreement for a *Wyoming* LLC to obtain shares in a *Caymans* company as compensation for services rendered to *Caymans/Commonwealth of Dominica* companies. EQICorp entering into such a contract is not purposeful availment. *See Davis v. Cranfield Aerospace Solutions, Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023) ("[B]oth purposeful availment and purposeful direction ask whether defendants have voluntarily derived some benefit from their interstate activities such that they will not

be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts").

The California contacts Plaintiff alleges are the definition of attenuated and entirely insufficient to confer personal jurisdiction over Defendants – especially in light of Defendants' specific facts controverting jurisdiction.

**2. Plaintiff's claims do *not* arise out of Defendants' activities, if any, directed at California**

On Rule 12 motions, courts must accept all well-pleaded allegations as true and consider the complaint as a whole. *See In re Nektar Therapeutics Securities Litigation*, 34 F.4th 828, 835 (9th Cir. 2022). It has long been the law in California that "the law respects form less than substance." Cal. Civ. Code § 3528.

Here, "the nub of the complaint" is Plaintiff's allegation that it was not paid pursuant to its alleged contracts with EQITech, EQIBank, and EQICorp. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). The debentures alleged as part of the Subscription Agreement were simply an alternative form of compensation for Plaintiff.

Yet *nowhere* does Plaintiff allege, nor can Plaintiff allege, that *any* of its claims arise from activities directed at California. Plaintiff's *sole* allegation that *colorably* implicates California is that "Defendants made representations to Plaintiff in this district […]" with respect to debentures. (FAC, ¶ 11(g).) But this allegation does not hold water for four reasons.

First, Plaintiff's allegation is false. (*See* Decl. Blick, ¶ 10 ["Apart from the parties' electronic execution of certain documents while [EQITrade's Director] was temporarily present in California, [Defendants] are not aware of any negotiation, meeting, development work, support service, payment, or other contractual performance that occurred in or was directed generally or specifically toward California"].)

///

Second, Defendants are foreign-country companies and Plaintiff is a foreign-state LLC. It is impossible for Defendants to make representations to Plaintiff "in this district."

Third, just like Defendants' alleged contracts were activities directed at *Wyoming*, Defendants' alleged representations, if they had happened, would be activities directed at Wyoming and not California.

Fourth, Plaintiff did not suffer harm in California. *See Davis, supra,* 71 F.4th at 1163 ("The purposeful direction[4] test cannot support jurisdiction here because [plaintiffs] fail to allege that [defendant] injured them in [the forum state]").

**3. It would be unreasonable to exercise jurisdiction over Defendants**

Since *Pennoyer vs. Neff*, 95 U.S. 714 (1877), courts have recognized power, consent, and notice as the fundamental precepts conferring jurisdiction over parties to lawsuits. Power and consent are the issues in this case.

Federal courts are courts of limited jurisdiction and for good reason. *See, e.g.,* U.S. Const. Amend. X ("The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people"). The Constitution and Title 28 of the U.S. Code narrowly circumscribe federal court jurisdiction. Federal courts only have the power to summon foreign corporate defendants into court if it is "reasonable . . . to require the corporation to defend the particular suit which is brought there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

The Court has no such power here because it is unreasonable to hold foreign-country Defendants to answer foreign-state Plaintiff's alleged claims in California.

---

[4] Purposeful direction typically applies to tort cases but there's no "rigid dividing line." *Davis, supra,* 71 F.4th at 1154, 1162. "[B]oth purposeful availment and purposeful direction ask whether defendants have voluntarily derived some benefit from their interstate activities such that they will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Id.* (citation omitted).

The reasonableness limitation is critical because it "protects the defendant against the burdens of litigating in a distant or inconvenient forum." *Woodson, supra,* 444 U.S. at 292. For Defendants, the burdens are undue and substantial:

- Defendants' personnel with material knowledge of the matters alleged in the First Amended Complaint reside outside California, principally in Grand Cayman, Dominica, and the EU. These witnesses have knowledge concerning the non-US operating nature of Plaintiff. Requiring them to attend proceedings in California would involve international travel, related expenses, time away from their work, and disruption to Defendants' operations. (Decl. Blick, ¶ 11.)
- Defendants' relevant business records and systems are also maintained outside California, principally in Grand Cayman and Dominica. (*Id.*)
- Because Defendants could have no reasonable expectation of being brought into court in California, it would be fundamentally unfair to Defendants to permit this action to proceed in California when other, more appropriate forums are available to Plaintiff. (*Id.*)

Moreover, Defendants never consented to the jurisdiction of California state or federal courts. As argued in III(C)(1), *supra*, choice of law provisions, standing alone, are insufficient to confer personal jurisdiction. *See Rudzewicz, supra,* 471 U.S. at 482.

**D. <u>The Court Should Dismiss Plaintiff's Action Because Dismissal Would Not Meaningfully Prejudice Plaintiff; Failure To Dismiss Would Severely Prejudice Defendants</u>**

Implicit in courts' reasonableness analysis "is the understanding that the burden on the defendant, while always a primary concern, will in an appropriate case be considered in light of other relevant factors, including . . . the plaintiff's interest in obtaining convenient and effective relief, at least when that interest is not adequately protected by the plaintiff's power to choose the forum […]." *Woodson, supra,* 444

U.S. at 292 (citations omitted).

Plaintiff cannot seriously argue that its path to convenient and effective relief is through the Central District of California. As a Wyoming LLC, Plaintiff's homefield would be the Wyoming state or federal courts.

Moreover, Plaintiff's interest in obtaining convenient and effective relief should be a non-factor considering Plaintiff could have incorporated forum selection clauses into agreements it presented to Defendants but did not.

Irrespective of whether the Court considers Plaintiff's interest in this Court as forum, dismissal of this action would not prejudice Plaintiff in the slightest. The maxim of the law in California is the same throughout the Anglosphere: "For every wrong there is a remedy." Cal. Civ. Code § 3523. Plaintiff can bring this action in the Caymans, the Commonwealth of Dominica, or even Wyoming.

Meanwhile, if the Court does not dismiss this action, Defendants will be forced to litigate in a foreign country forum completely unrelated to the transaction(s) in dispute – precisely the "burden of litigating in a distant or inconvenient forum" that jurisdiction analysis under the Due Process Clause eschews. *Woodson, supra,* 444 U.S. at 291-92. (*See also* Decl. Blick, ¶ 11.)

## IV. <u>CONCLUSION</u>

This is an alleged non-payment action between a Wyoming LLC and four foreign company defendants. This action does not belong in California and Defendants respectfully submit the Court has no personal jurisdiction over them. Dismissal would not leave Plaintiff without a remedy. Plaintiff would simply need to pursue those remedies in an appropriate forum.

///

///

///

///

///

For these and the foregoing reasons, the Court should dismiss Plaintiff's First Amended Complaint.

Dated: September 9, 2026

**FERNALD & ZAFFOS APC**

By: ______________________________
Adam P. Zaffos
Clay R. Wilkinson
Attorneys for Defendants
EQIBank Limited, EQICorp,
EQITrade Limited, and
EQITech (SEZC) Limited

# DECLARATION OF CLAY WILKINSON

I, Clay Wilkinson, declare:

1. I am an attorney licensed to practice in all courts of the State of California and in the United States District Court for the Central District of California. I am counsel at Fernald & Zaffos APC, attorney of record for Defendants EQIBank Limited ("EQIBank"), EQICorp, EQITrade Limited ("EQITrade"), and EQITech (SEZC) Limited ("EQITech;" collectively "Defendants") in the above-captioned action. I have personal knowledge of the following facts and circumstances. If called upon to testify to the following facts and circumstances, I could and would do so.

2. I make this declaration pursuant to Local Rule 7-3 in aid of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

3. On September 2, 2026, I sent an e-mail to counsel for Plaintiff Beyond Enterprises LLC's ("Plaintiff") requesting a meet and confer on the substance of this motion. I attached a draft of this motion to my e-mail to counsel so that counsel could see Defendants' arguments in detail in advance of the meet and confer. The next day, I was informed that counsel was no longer with the same firm but he put me in touch with current counsel.

4. On September 3, 2026, current counsel and I exchanged e-mails. Because the nature of this motion is binary (i.e., finding of personal jurisdiction or no personal jurisdiction with no compromise available), Plaintiff is unwilling to dismiss, and Defendants are unwilling to consent to this Court's jurisdiction, counsel agreed to deem the meet and confer requirement discharged.

///

///

///

///

///

5. Defendants' general position is that Defendants have insufficient contacts with California for the Central District of California to have general or specific personal jurisdiction over Defendants. Plaintiff's general position is that based on the jurisdictional facts alleged in the First Amended Complaint, the Central District of California has at least specific jurisdiction over Defendants.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on September 9, 2026 at Encino, California.

Clay Wilkinson – Declarant