**FERNALD & ZAFFOS APC**
Adam P. Zaffos (SBN: 217669)
Clay R. Wilkinson (SBN: 269080)
15910 Ventura Blvd., Suite 1702
Encino, CA 91436
Telephone:(323) 410-0300
Facsimile: (323) 410-0330
Email: adam@fzlaw.com
clay@fzlaw.com
flg@fzlaw.com

Attorneys for Defendants
EQIBANK LIMITED, EQICORP,
EQITRADE LIMITED, and EQITECH (SEZC) LIMITED

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION – LOS ANGELES**

| | |
|---|---|
| BEYOND ENTERPRISES LLC<br><br>Plaintiff,<br><br>vs.<br><br>EQIBANK LIMITED, EQICORP, EQITRADE LIMITED; EQITECH (SEZC) LIMITED, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-12208-MCS-MBK<br><br>**DECLARATION OF JASON BLICK IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>Date: October 19, 2026<br>Time: 9:00 a.m.<br>Courtroom: 7C<br><br>Filed: 12/23/2025<br>Trial: TBD |

**DECLARATION OF JASON BLICK**

I, Jason Blick, declare:

1. I am the Director of EQITrade Limited ("EQITrade") and EQIBank Limited ("EQIBank"). EQITrade Limited is the Cayman parent company which owns 100% of EQIBank (Dominica), EQITech (SEZ) Limited ("EQITech);" Grand Cayman), and the 51% of EQIFi group of companies (British Virgin Islands). I am

authorized to make this declaration on behalf of each of the Defendants in this action: EQITrade, EQIBank, EQITech. I have personal knowledge of the following facts and circumstances. If called upon to testify to the following facts and circumstances, I could and would do so. As to those matters stated on information and belief, I believe them to be true based on facts within my personal knowledge.

2. I make this declaration in support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

3. Defendants are banking organizations, or banking-related organizations, organized and operating exclusively in foreign markets: EQITrade (Grand Cayman), EQIBank (Dominica), EQITech (Grand Cayman). EQIBank is the main company and provides bank accounts, loans, debit cards, and trading. EQITrade is organized in the Cayman Islands and maintains its principal place of business in Grand Cayman. EQIBank is organized and maintains its principal place of business in the Commonwealth of Dominica. EQITech is organized and maintains its principal place of business in Grand Cayman.

4. New York Federal Savings Bank was has never served as a direct correspondent bank for any Defendant. Correspondent banks process currency for smaller banks (e.g., U.S. banks for USD, U.K banks for GBP, and Japanese banks for YEN). Defendants' banking and payment relationships have included DBS in Singapore, Thunes in the European Union, Crédit Agricole in Poland, and Zenus Bank in Puerto Rico. Zenus Bank is a Puerto Rico financial institution subject to United States and Puerto Rico banking laws. None of these relationships was established for the purpose of conducting business in California.

5. Canaccord Genuity in Toronto, Canada, currently provides investment-banking services to Defendants in connection with a contemplated Canadian public offering. Defendants have not retained Canaccord to pursue a listing in the United States. U.S. Capital Global Securities provided investment-banking services to Defendants from approximately February 10, 2020 through August 2020. That

engagement ended before Defendants entered into the agreements at issue with Beyond Enterprises, LLC ("Plaintiff"). During that engagement, Defendants did not authorize U.S. Capital Global Securities to solicit investors specifically in California.

6. Based on the shareholder records available to me as of September 7, 2026, less than three percent of Defendants' shareholders have addresses in the United States. Those records do not identify any shareholder whose residence or principal place of business is in California.

7. I am a citizen of the United Kingdom and travel to the United States under the Electronic System for Travel Authorization. My travel to California has been for personal medical treatment accompanied by my wife. While physically present in California during those visits, I electronically signed the January 2023 scope-of-work addendum and the September 2024 Production Support Agreement. I did not travel to California to negotiate either agreement, meet with Plaintiff, or supervise or perform work under the agreements. I have never maintained an office, employees, or property in California.

8. Brad Yasar served as CEO for EQIFi JV Limited and EQI Token's Limited. Before assuming that position, Mr. Yasar was Plaintiff's founder and an officer of Plaintiff, and he signed the agreements at issue on Plaintiff's behalf. Mr. Yasar has resided in Dubai with his family since approximately June 2024. To my knowledge, he does not maintain a residence or office in California.

9. Based on my direct interactions with the personnel who performed Plaintiff's work, Plaintiff's principal technology personnel assigned to Defendants were located outside California. During the initial period, Plaintiff's Chief Technology Officer and the principal members of its development team were located in Romania. After that Chief Technology Officer left Plaintiff, the principal development personnel assigned to Defendants were located in Latin America, primarily Argentina. One individual involved in the work was located on the East Coast of the United States. I am not aware of any member of Plaintiff's development

team who performed services for Defendants from California.

10. Plaintiff supplied the initial forms of the Software Development Agreement ("SD Agreement") and Production Support Agreement ("PS Agreement"). I did not negotiate the California choice-of-law language in those agreements, and Plaintiff did not explain why California law was selected. The agreements provide that California substantive law governs, but they do not contain a forum-selection clause or an agreement requiring the parties to arbitrate. They do not identify an arbitral forum, arbitration rules, or a court in which disputes must be litigated. Apart from the parties' electronic execution of certain documents while I was temporarily present in California, I am not aware of any negotiation, meeting, development work, support service, payment, or other contractual performance that occurred in or was directed generally or specifically toward California.

11. If the Court does not dismiss this action Defendants will suffer undue prejudice. Defendants' personnel with material knowledge of the matters alleged in the First Amended Complaint reside outside California, principally in Grand Cayman, Dominica, and the EU. These witnesses have knowledge concerning the non-US operating nature of Plaintiff. Requiring them to attend proceedings in California would involve international travel, related expenses, time away from their work, and disruption to Defendants' operations. Defendants' relevant business records and systems are also maintained outside California, principally in Grand Cayman and Dominica. Moreover, because Defendants could have no reasonable expectation of being brought into court in California, it would be fundamentally unfair to Defendants to permit this action to proceed in California when other, more appropriate forums are available to Plaintiff.

///

///

///

///

12. EQICorp is a holding entity that holds a small amount of stock in EQITrade. EQICorp is not an EQITrade entity. I am not aware that EQICorp has any ties with California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on September 9, 2026 at Grand Cayman.

Jason Blick

Jason Blick – Declarant