Daniel B. Lopez, SBN: 338377
Law Office of Daniel B. Lopez
1401 21st Street, #16021
Sacramento, CA 95811
M: 818-675-6246
Email: danielblopez.esq@gmail.com
*Attorneys for Plaintiff Beyond Enterprises LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION – LOS ANGELES**

| | |
|---|---|
| BEYOND ENTERPRISES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>EQIBANK LIMITED, EQICORP LIMITED and EQITRADE LIMITED,<br><br>Defendants. | Case No. 2:25-cv-12208-MCS (MBKx)<br>Hon. Mark C. Scarci<br>Hon. Michael B. Kaufman<br><br>**DECLARATION OF BRAD YASAR IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date: October 19, 2026<br>Time: 9:00 a.m.<br>Courtroom: 7C<br><br>Action Filed: December 23, 2025<br>FAC Filed: June 12, 2026 |

I, Brad Yasar ("Yasar"), declare:

1. I am a member of Plaintiff BEYOND ENTERPRISES LLC, a Wyoming limited liability company, ("Plaintiff") and I am domiciled in California.

2. Adrian Cazan ("Cazan") is a member of Plaintiff and Cazan is domiciled in California.

3. Michael Kirby ("Kirby") is a member of Plaintiff and Kirby is

domiciled in Michigan.

4. Yasar, Cazan and Kirby are, and have been, the only members of Plaintiff since the formation of Plaintiff.

5. Defendant EQIBANK LIMITED ("EQIBANK") is a company registered in the Commonwealth of Dominica with its principal place of business in the Commonwealth of Dominica.

6. Defendant EQICORP LIMITED ("EQICORP") is a company registered in the Cayman Islands with its principal place of business in the Cayman Islands.

7. Defendant EQITRADE LIMITED ("EQITRADE") is a company registered in the Cayman Islands with its principal place of business in the Cayman Islands.

8. Defendant EQITECH (SEZC) LIMITED ("EQITECH") is a company registered in the Cayman Islands with its principal place of business in the Cayman Islands.

9. This Court has personal jurisdiction over EQIBANK because EQIBANK has certain minimum contacts with this district, this Action arises out of and/or relates to such minimum contacts and the maintenance of this Action does not offend traditional notions of fair play and substantial justice. Such minimum contacts include, but are not limited to:

(a) the Software Development Agreement by and between Plaintiff and EQITECH dated as of January 1, 2022 ("SD Agreement") for the project named "EQIBank Management System and Banking as a Service Infrastructure" was executed in this district, a true and correct copy of the SD Agreement is attached hereto and incorporated herein as Exhibit 1;

(b) the SD Agreement contains a California choice of law clause;

(c) the SD Agreement was signed by Jason Blick as Director of EQITECH;

(d) the services provided by Plaintiff pursuant to the SD Agreement were for the intended benefit of EQIBANK;

(e) the Production Support Agreement by and between Plaintiff and EQIBANK dated as of October 1, 2024 ("PS Agreement") was executed in this district, a true and correct copy of the PS Agreement is attached hereto and incorporated herein as Exhibit 2;

(f) the PS Agreement contains a California choice of law clause;

(g) Jason Blick ("Blick"), the CEO of EQIBANK, is a resident of this district and/or was resident in this district at the time of execution of the SD Agreement and/or the PS Agreement;

(h) EQIBANK has one or more customers who are California residents and/or residents of this district;

(i) upon information and belief, New York based Community Federal Savings Bank is the correspondent bank for EQIBANK and it regularly provides services to clients who are residents of California including the customers of EQIBANK who are California residents and/or residents of this district; and

(j) US Capital Global Securities LLC based in California was engaged by EQITRADE to serve as the lead placement agent for a preferred equity offering for some or all of the Defendants and did serve as such the lead placement agent.

10. This Court has personal jurisdiction over EQICORP because EQICORP has certain minimum contacts with this district, this Action arises out of and/or relates to such minimum contacts and the maintenance of this Action does not offend traditional notions of fair play and substantial justice. Such minimum

contacts include, but are not limited to:

(a) the Subscription Agreement by and between Plaintiff and EQICORP dated as of February 3, 2022 ("Sub Agreement") was executed in this district, a true and correct copy of the Sub Agreement is attached hereto and incorporated herein as Exhibit 3;

(b) EQICORP owns shares in EQITRADE;

(c) EQITRADE owns EQIBANK and EQITECH;

(d) the Sub Agreement obligated Plaintiff to perform technical development work for EQIBANK;

(e) Blick, the CEO of EQIBANK, director of EQITECH and director of EQICORP, is a resident of this district and/or was resident in this district at the time of execution of the Sub Agreement;

(f) US Capital Global Securities LLC based in California was engaged by EQITRADE to serve as the lead placement agent for a preferred equity offering for some or all of the Defendants and did serve as such the lead placement agent; and

(g) in connection with the Sub Agreement, Defendants made representations to Plaintiff in this district, including, but not limited to, that the $500,000 in convertible debentures ("Debentures") issued pursuant to the Sub Agreement would automatically convert into common shares if the outstanding principal was not paid in full by the maturity date which was February 4, 2025; and

(h) to date, the Debentures have not been automatically converted by Defendants.

11. This Court has personal jurisdiction over EQITRADE because EQITRADE has certain minimum contacts with this district, this Action arises out of and/or relates to such minimum contacts and the maintenance of this Action does

not offend traditional notions of fair play and substantial justice. Such minimum contacts include, but are not limited to:

(a) the Subscription Agreement by and between Plaintiff and EQICORP dated as of February 3, 2022 ("Sub Agreement") was executed in this district;

(b) EQICORP owns shares in EQITRADE;

(c) EQITRADE owns EQIBANK and EQITECH;

(d) the Sub Agreement obligated Plaintiff to perform technical development work for EQIBANK;

(e) Blick, the CEO of EQIBANK, director of EQITECH and director of EQICORP, is a resident of this district and/or was resident in this district at the time of execution of the Sub Agreement;

(f) US Capital Global Securities LLC based in California was engaged by EQITRADE to serve as the lead placement agent for a preferred equity offering for some or all of the Defendants and did serve as such the lead placement agent; and

(g) in connection with the Sub Agreement, Defendants made representations to Plaintiff in this district, including, but not limited to, that the Debentures issued pursuant to the Sub Agreement would automatically convert into common shares if the outstanding principal was not paid in full by the maturity date which was February 4, 2025; and

(h) to date, the Debentures have not been automatically converted by Defendants.

12. This Court has personal jurisdiction over EQITECH because EQITECH has certain minimum contacts with this district, this Action arises out of and/or relates to such minimum contacts and the maintenance of this Action does

not offend traditional notions of fair play and substantial justice. Such minimum contacts include, but are not limited to:

(a) the Software Development Agreement by and between Plaintiff and EQITECH dated as of January 1, 2022 ("SD Agreement") for the project named "EQIBank Management System and Banking as a Service Infrastructure" was executed in this district;

(b) the SD Agreement contains a California choice of law clause;

(c) the SD Agreement was signed by Jason Blick as Director of EQITECH;

(d) the services provided by Plaintiff pursuant to the SD Agreement were for the intended benefit of EQIBANK;

(e) the Production Support Agreement by and between Plaintiff and EQIBANK dated as of October 1, 2024 ("PS Agreement") was executed in this district;

(f) the PS Agreement contains a California choice of law clause;

(g) Blick, the CEO of EQIBANK, is a resident of this district and/or was resident in this district at the time of execution of the SD Agreement and/or the PS Agreement;

(h) EQIBANK has one or more customers who are California residents and/or residents of this district;

(i) upon information and belief, New York based Community Federal Savings Bank is the correspondent bank for EQIBANK and it regularly provides services to clients who are residents of California including the customers of EQIBANK who are California residents and/or residents of this district; and

(j) US Capital Global Securities LLC based in California was engaged by EQITRADE to serve as the lead placement agent for a

preferred equity offering for some or all of the Defendants and did serve as such the lead placement agent.

13. Venue is also proper in this district pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as this is this district in which a substantial part of the events or omissions giving rise to the claim(s) occurred and/or one or more of the Defendants are subject to the personal jurisdiction of the court in this district.

14. In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to the United States mail and interstate telephone communications.

15. On information and belief, at all times material herein each EQIBANK, EQICORP, EQITRADE and EQITECH (individually and collectively "Defendants") was the agent and employee of the other Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

16. Plaintiff and EQITECH executed the SD Agreement.

17. the services provided by Plaintiff pursuant to the SD Agreement were for the intended benefit of EQIBANK and/or EQITECH was acting as EQIBANK's agent.

18. Plaintiff has fully performed pursuant to the SD Agreement.

19. For the period from October 15, 2021 through February 22, 2024, Plaintiff submitted 31 invoices numbered BEY-ETCH-01 to BEY-ETCH-31 to EQITECH. All invoices were paid in full by EQITECH and/or EQIBANK except for invoices number: BEY-ETCH-07 dated April 15, 2022 for which there remains an overdue and outstanding balance of $68,871.37; BEY-ETCH-08 dated May 16, 2022 for which there remains an overdue and outstanding balance of $110,187.00;

BEY-ETCH-09 dated June 15, 2022 for which there remains an overdue and outstanding balance of $90,715.00; and BEY-ETCH-10 dated July 15, 2022 for which there remains an overdue and outstanding balance of $52,990.00.

20. The total overdue and outstanding balance for invoices number BEY-ETCH-07 to BEY-ETCH-10 is $322,763.37.

21. Plaintiff and EQIBANK executed the PS Agreement.

22. the services provided by Plaintiff pursuant to the PS Agreement were for the intended benefit of EQIBANK.

23. Plaintiff has fully performed pursuant to the PS Agreement.

24. For the period from September 13, 2024 through September 30, 2025, Plaintiff submitted 14 invoices numbered BEY-EQIB-01 to BEY-EQIB-14 to EQIBANK. All invoices were paid in full by EQIBANK except for invoice number: BEY-EQIB-14 dated September 30, 2025 for which there remains an overdue and outstanding balance of $25,000.00.

25. Plaintiff and EQICORP executed the Sub Agreement.

26. the Sub Agreement obligated Plaintiff to perform technical development work for EQIBANK.

27. the services provided by Plaintiff pursuant to the Sub Agreement were for the intended benefit of EQIBANK and/or EQICORP was acting as EQIBANK's agent.

28. Plaintiff has fully performed pursuant to the Sub Agreement.

29. Pursuant to the Sub Agreement, the Debentures would automatically convert into common shares if the outstanding principal was not paid in full by the maturity date which was February 4, 2025.

30. to date, the outstanding principal has not been paid in full to Plaintiff by EQIBANK, EQICORP and/or EQITRADE and the Debentures have not been automatically converted by Defendants so EQIBANK, EQICORP and EQITRADE

have breached the Sub Agreement.

31. Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff; made various untrue statements of material facts and/or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and did: (i) deceive the Plaintiff as alleged herein; and (ii) caused Plaintiff to purchase or otherwise acquire Securities of little or no value. In furtherance of this unlawful scheme, plan and course of conduct, Defendants took the actions set forth herein.

32. Defendants made representations to Plaintiff that the Debentures issued pursuant to the Sub Agreement would automatically convert into common shares if the outstanding principal was not paid in full by the maturity date which was February 4, 2025 (“Representations”).

33. Plaintiff reasonably relied upon the Representations and Plaintiff purchased the Debentures based upon the Representations and the Sub Agreement.

34. One or more of the Representations were false.

35. Plaintiff would not have purchased the Securities if it had known that one or more of the Representations were false.

36. Defendants had actual knowledge of the materially false and misleading statements and/or material omissions alleged herein and intended thereby to deceive Plaintiff or, in the alternative, acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to them. Said acts and Omissions were committed willfully

or with reckless disregard for the truth. In addition, Defendants knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

37. By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

38. As a direct and proximate result of the wrongful conduct of Defendants, Plaintiff suffered damages in connection with its purchase of the Debentures in an amount of no less than $500,000.

39. Yasar was in California when he executed the Sub Agreement.

40. Pursuant to the PS Agreement, EQIBANK made numerous payments to Plaintiff's bank in San Francisco, California. True and correct copies of the invoices that were paid by EQIBANK are attached hereto and incorporated herein as Exhibit 4.

41. Pursuant to the SD Agreement, EQITECH made numerous payments to Plaintiff's bank in San Francisco, California. True and correct copies of the invoices that were paid by EQITECH are attached hereto and incorporated herein as Exhibit 5.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

September 28, 2026

Brad Yasar

## CERTIFICATION

I hereby certify that on September 28, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to counsel for Plaintiff.

/s/ Daniel B. Lopez
Daniel B. Lopez